UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| CRAIG B. SNODDY, | ) | |
| | ) | Case Nos. 4:22-cv-12; 4:18-cr-9 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Craig B. Snoddy's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 4:22-cv-12; Doc. 90 in Case No. 4:18-cr-9.) For the following reasons, the Court will **DENY** Petitioner's motion.

**I. BACKGROUND**

On March 27, 2018, a grand jury returned a three-count indictment charging Petitioner with: (1) one count of possessing with the intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) ("Count One"); (2) one count of possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Two"); and (3) one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). (Doc. 1 in Case No. 4:18-cr-9.) On July 18, 2018, Petitioner filed a motion to suppress all evidence obtained pursuant to an inventory search of the vehicle he was driving at the time of his arrest. (Doc. 19 in Case No. 4:18-cr-9.) After the Court denied the motion to suppress (Doc. 44 in Case No. 4:18-cr-9), Petitioner and the Government entered into a plea agreement in which

Petitioner agreed to plead guilty to Counts One and Two of the indictment. (Doc. 49 in Case No. 4:18-cr-9.) Under the terms of the plea agreement, Petitioner retained the right to appeal the Court's denial of his motion to suppress. (*Id*. at 2.) Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Petitioner and the Government also agreed that "a sentence of 152 months' imprisonment on Count One, followed by 60 months' imprisonment on Count Two, which shall run consecutive to the sentence on Count One for a total sentence of 212 months' imprisonment, . . . [was] the appropriate disposition of this case." (*Id*. at 4.) Consistent with the terms of the plea agreement, the undersigned sentenced Petitioner to a total term of imprisonment of 212 months on September 20, 2019. (Doc. 70 in Case No. 4:18-cr-9.)

Petitioner appealed his conviction and sentence to the Sixth Circuit Court of Appeals, and, on September 30, 2020, the court of appeals affirmed Petitioner's conviction and sentence, holding that the Court did not err in denying his motion to suppress. (Doc. 81 in Case No. 4:18-cr-9.) In affirming the Court's denial of Petitioner's motion to suppress, the Sixth Circuit summarized the facts of Petitioner's case as follows:

> Around 1:00 a.m. on November 9, 2017, Trooper Malone stopped Snoddy for speeding on the highway. R. 75 (Suppression Hr'g Tr. at 5–7) (Page ID #478–80). During the stop, Trooper Malone learned that there were State of Georgia warrants out for Snoddy's arrest, including for drug crimes, so Trooper Malone and a back-up officer arrested Snoddy on the Georgia warrants. Id. at 8–9 (Page ID #481–82). Trooper Malone also suspected that Snoddy might have drugs in the car. Def.'s Ex. 2 (Video Part 1). Within a minute after making the arrest, the officers asked twice for consent to search the car, but Snoddy refused. See id. Then Trooper Malone told Snoddy, "I'm gonna have to get the car towed, 'cause it's not just gonna sit here, and we have to do an inventory on the car." Id.; R. 75 (Suppression Hr'g Tr. at 34, 44) (Page ID #507, 517).
>
> For about twelve minutes, Trooper Malone again repeatedly asked Snoddy for consent to search the car—warning Snoddy that if he did not agree to a search then the car would be inventoried, meaning that Trooper Malone would have to search the car and list out the items that he found. See R. 75 (Suppression Hr'g Tr. at 30) (Page ID #503); Def.'s Ex. 2 (Video Part 1). Snoddy repeatedly denied consent. Roughly eight minutes after the arrest, in the midst of the attempts to obtain Snoddy's consent, Trooper Malone called in the tow truck, but continued

to seek consent from Snoddy to search the car. See R. 75 (Suppression Hr'g Tr. at 34) (Page ID #507); Def.'s Ex. 2 (Video Part 1). About five minutes after Trooper Malone called in the tow truck, Trooper Malone began conducting an inventory of the car. See R. 75 (Suppression Hr'g Tr. at 45) (Page ID #518); Def.'s Ex. 2 (Video Part 1). During the inventory, Trooper Malone discovered and seized approximately one pound of methamphetamine, two handguns, and a set of scales. See R. 75 (Suppression Hr'g Tr. at 16) (Page ID #489); R. 49 (Plea Agreement at 3) (Page ID #159).

(Doc. 81, at 4 in Case No. 4:18-cr-9.)

On February 22, 2021, the Supreme Court of the United States denied Petitioner's petition for a writ of certiorari (Doc. 83 in Case No. 4:18-cr-9), and, on February 23, 2022, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 4:22-cv-12; Doc. 90 in Case No. 4:18-cr-9.) Petitioner's motion is ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under Title 28, United States Code, Section 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).[1]

---

[1] Additionally, in ruling on a motion made pursuant to Title 28, United States Code, Section 2255, the Court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for

## III. ANALYSIS

Although not entirely clear, Petitioner appears to argue that he received ineffective assistance of counsel in connection with his motion to suppress because his counsel did not argue that: (1) law enforcement performed an unconstitutional search incident to arrest; and (2) Tennessee Department of Safety General Order 513, an internal procedural guideline for the State of Tennessee's law-enforcement officers, is unconstitutional. (Doc. 1, at 20–22 in Case No. 4:22-cv-12.)

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the Court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of

---

establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id*. (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. As discussed herein, Petitioner is not entitled to an evidentiary hearing because his motion only contains allegations contradicted by the record and legal conclusions unsupported by statements of fact.

counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Additionally, the prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In this case, Petitioner's motion fails to demonstrate that his counsel's performance fell below an objective standard of reasonableness or that he suffered prejudice as a result of counsel's performance. Petitioner appears to fault his counsel for not arguing that law enforcement violated his Fourth Amendment rights by conducting a warrantless search incident to arrest because he was pulled over for speeding and arrested for outstanding warrants and, thus, there was no reason for the officer to believe that his vehicle contained evidence of the offense of arrest as required under *Arizona v. Gant*, 556 U.S. 332, 351 (2009). (Doc. 6, at 2 in Case No. 4:22-cr-12.) Petitioner, however, has not alleged any facts, other than the fact that he was handcuffed prior to law enforcement's search of his vehicle, to suggest that law enforcement actually conducted a warrantless search incident to arrest instead of an inventory search of the vehicle prior to having it towed. Moreover, Petitioner's counsel pointed out the fact that Petitioner was handcuffed and law enforcement conceded that they could not perform a search incident to arrest during the suppression hearing:

> Q      Okay. So, at the time that you had Mr. Snoddy arrested, handcuffed behind his car as we see on the screen, I just want to reiterate that you would not have legally been able to search under Arizona v. Gant and under your own Tennessee Highway Patrol policy. Right?
>
> A      That's correct.
>
> Q      And you didn't have consent from Mr. Snoddy to search the car without a warrant?
>
> A      That's correct.

> Q So your only legal justification that you put forth for being able to search Mr. Snoddy's car is pursuant to an inventory search. Right?
>
> A The only reason I was in that vehicle was because I had to inventory the vehicle because it had to be towed.

(Doc. 75, at 47 in Case No. 4:18-cr-9.) As a result, Petitioner has not alleged any facts suggesting that his counsel's performance fell below an objective standard of reasonableness by failing to argue that law enforcement violated his Fourth Amendment rights by performing an unconstitutional search incident to arrest or that such an argument was meritorious and would have resulted in the Court granting his motion to suppress.

To the extent Petitioner contends that counsel was ineffective for failing to argue that Tennessee Department of Safety General Order 513 is unconstitutional, that argument also fails because internal procedural guidelines are not laws and not subject to vagueness challenges. *See Beckles v. United States*, 580 U.S. 256, 262 (2017) (explaining that the Supreme Court "has invalidated two kinds of criminal laws as 'void for vagueness': laws that define criminal offenses and laws that fix the permissible sentences for criminal offenses"). Moreover, regardless of whether law enforcement followed the procedures set forth in General Order 513, this Court and the Sixth Circuit have already determined that law enforcement did not violate Petitioner's Fourth Amendment rights by conducting an inventory search of Petitioner's vehicle. (Docs. 33, 44, 81 in Case No. 4:18-cr-9.) Petitioner, therefore, has not demonstrated that counsel's performance fell below an objective standard of reasonableness or that he was prejudiced as a result of counsel failing to challenge the constitutionality of General Order 513. Accordingly, the Court will **DENY** Petitioner's § 2255 motion.

## IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Petitioner's § 2255 motion. (Doc. 1 in Case No. 4:22-cv-12; Doc. 90 in Case No. 4:18-cr-9). To the extent Petitioner requests that the

Court appoint him counsel in connection with seeking relief under § 2255 (Doc. 89 in Case No. 4:18-cr-9), the motion is **DENIED** because it plainly appears from the petition that Petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2255 Cases. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24

      **AN APPROPRIATE JUDGEMENT WILL ENTER.**

      */s/ Travis R. McDonough*
      **TRAVIS R. MCDONOUGH**
      **UNITED STATES DISTRICT JUDGE**

7
Case 4:22-cv-00012-TRM-CHS   Document 7   Filed 04/12/23   Page 7 of 7   PageID #: 44